## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

FRANK M. MUNIZ,

        Petitioner,

v.                                                                          No. CIV 08-494 MV/LFG

MIKE HEREDIA, Warden,

        Respondent.

### MAGISTRATE JUDGE'S FINDINGS
### AND RECOMMENDED DISPOSITION[1]

### Findings

1.      This is a proceeding on an application for writ of habeas corpus brought under 28 U.S.C. § 2254,[2] filed May 20, 2008.  [Doc. 1].  Petitioner Frank M. Muñiz ("Muñiz"), currently confined at the Southern New Mexico Correctional Facility in Las Cruces, New Mexico, challenges the judgment entered by the Second Judicial District Court in State v. Muñiz, No. 2000-1255 and No. 2000-1255 (Bernalillo County, New Mexico).  [Docs. 1, 9, Exhibit A.]

---

[1]Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations.  A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations.  If no objections are filed, no appellate review will be allowed.

[2]Muñiz's application for a writ of habeas corpus states it is brought pursuant to 28 U.S.C. § 2241 rather than § 2254 [Doc. 1], even though it was docketed as a § 2254 habeas petition.  Because Muñiz challenges the calculation and execution of the state sentences, it is a § 2241 petition.  A claim that attacks the duration of a petitioner's confinement or the execution of a sentence, rather than the validity of the state court conviction, is properly brought under 28 U.S.C. § 2241.  Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000).  Thus, the application is construed as a § 2241 petition.

2.      As grounds for federal habeas review, Muñiz raises two claims:  (1)  an alleged double jeopardy violation in that Muñiz believes that the "New Mexico Corrections Department" (NMCD) made him serve the wrong sentence, which will subject him to multiple punishments; and (2) a due process violation, in that Muñiz asserts that the NMCD erroneously calculated the good time credits he is owed based on NMCD officials' recalculation of Muñiz's enhanced sentences under the wrong statute.  [Doc. No. 1, pp. 3, 4.]

3.      On September 5, 2008, Respondent filed an Answer with exhibits, agreeing that Muñiz had exhausted state court remedies[3] and  arguing that Muñiz's § 2241 application should be dismissed because he did not establish that the state court proceedings either resulted in a decision that was contrary to, or involved an unreasonable application of federal law as determined by the United States Supreme Court; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court proceedings.  [Doc. 9, ¶¶ 5, 11, citing 28 U.S.C. § 2254(d).]

## Factual and Procedural History

4.      On November 6, 2000, Muñiz pled guilty and was sentenced in the Second Judicial District Court pursuant to Count I of Indictment CR 00-1077 (residential burglary, a 3rd degree felony) and Count 13 of Indictment CR 00-1255 (aggravated assault with a deadly weapon (FE), a 4th degree felony).  [Doc. 9, Ex. A.]

---

[3]On July 3, 2006, Muñiz filed an earlier § 2241 petition, essentially asserting a similar claim, but Respondent argued that he had not exhausted available state remedies.  Muñiz v. Janecka, No. CIV 06-594 WJ/LAM.  The Court agreed that Muñiz had failed to exhaust his administrative and state court remedies and dismissed the petition, without prejudice.  [Doc. Nos. 23, 34, 35 in No. CIV 06-594.]  Subsequently, Muñiz took steps to exhaust his state court remedies.

5.      The State Court found that due to the nature of the criminal act committed in CR 00-1255 (aggravated assault DW FE), Muñiz was convicted of a serious violent offense for purposes of NMSA § 33-2-34 ("meritorious deductions").  The State Court also determined that Muñiz admitted his identity as to several other convictions for crimes enumerated in a Supplemental Information and adjudged him to be an Habitual Offender with three or more prior felony convictions.  [Doc. 9, Ex. A, pp. 1-2.]

6.      At the time of sentencing in 00-1077 and 00-1255, Muñiz was already serving a nineteen-year sentence from another jurisdiction, CR 1999-280 (Valencia County).  [Doc. 9, ¶ 8.] That previous 19-year sentence is running concurrently with his sentence in CR 00-1255.  [Doc. 9, Ex. D, p. 2, n. 2.]

7.      On November 6, 2000, the State Court sentenced Muñiz for a three-year period of imprisonment as to CR 00-1077 and an eighteen-month period of incarceration as to CR 00-1255. The sentences were to run consecutively for a total basic sentence of four and one-half years.  [Doc. 9, Ex. A, p. 2.]  The sentence in CR 00-1255 was enhanced by one additional year based on the conviction with a firearm and another eight years based on Muñiz's status as an Habitual Offender. At this point, the total term of imprisonment was thirteen and one-half years.  [Id.]  However, the Court then suspended the three-year sentence in CR 00-1077, for an actual term of imprisonment of ten and one-half years.  Following release from custody in CR 00-1255, Muñiz was to serve a three-year period of probation related to CR 00-1077.  [Id.]  Muñiz also was to serve on parole for one year after his release related to CR 00-1255, to run concurrently with his probation in CR 2000-1077.  [Id., p. 3.]

8.      As stated *infra*, Muñiz brought an earlier federal habeas action on July 3, 2006, that was dismissed, without prejudice, for failure to exhaust available state court remedies.

9.      On May 1, 2007, Muñiz filed a State Court petition for writ of habeas corpus in the Fifth Judicial District Court (County of Lea).  [Doc. 9, Ex. G.]  In the 2007 state habeas petition, Muñiz argued that he was made to serve a suspended sentence in CR 00-1077 and was therefore subjected to multiple punishments in violation of the Double Jeopardy Clause.  [Doc. 9, Ex. G, pp. 3, 6-11.]  Part of Muñiz's basis for this argument was that his "good time" documentation records indicated the NMCD was deducting good time from CR 00-1077, the suspended sentence, rather than from CR 00-1255, the sentence he was serving.  [Doc. 9, Ex. G, p. 8.]  This is the same claim Muñiz raises in the present federal habeas petition.  [Doc. 1.]

10.     In the May 1, 2007 state habeas petition, Muñiz also asserted a claim that the NMCD violated his due process rights by allowing him to earn only four days per month of meritorious deductions instead of thirty days.  Muñiz claimed that the one-year firearm enhancement and the eight-year Habitual Offender enhancement were not deemed serious violent offenses for purposes of meritorious deductions.  [Doc. 9, Ex. G, pp. 12-18.]  This claim, too, is raised in Muñiz's federal habeas petition.  [Doc. 1.]

11.     On November 9, 2007, the State District Court in the Fifth Judicial District issued an Order denying Muñiz's petition for writ of habeas corpus.  The Court stated that after being fully advised, "based on the facts of the case and applicable law, the habeas petition was not well taken and was denied without the need for an evidentiary hearing."  [Doc. 9, Ex. H.]

12.     On January 12, 2008, Muñiz filed a petition for writ of certiorari in the New Mexico State Supreme Court.  [Doc. 9, Ex. I.]  In his petition for writ, Muñiz raised the same two claims,

including alleged violations of the Double Jeopardy Clause and the Due Process Clause, and other claims as well.

13.    On February 7, 2008, the New Mexico Supreme Court issued an Order directing Respondent to file a response to the petition.  [Doc. 9, Ex. J.]

14.    On March 13, 2008, Respondent filed its response to the petition for writ of certiorari.[4]  [Doc. 9, Ex. K.]  Respondent contended that Muñiz misunderstands and misinterprets the calculation of his entire sentence based on the separate judgments and sentences and also the calculation of the good-time credits to which he is entitled.  [Doc. 9, Ex. K, p. 6.]  In support of its position, Respondent attached the "good time figuring sheet" for Muñiz's convictions.

15.    On March 28, 2008, Muñiz filed a reply to the response.  [Doc. 9, Ex. L.]

16.    On March 24, 2008, the New Mexico Supreme Court issued an Order denying Muñiz's petition for writ of certiorari, indicating the Court had reviewed the petition and response. [Doc. 9, Ex. M.]

17.    On May 20, 2008, Muñiz filed the present federal habeas petition.  [Doc. 1.]

<u>Analysis</u>

<u>**Exhaustion of State Remedies**</u>

18.    As stated before, Muñiz's habeas petition is construed as a § 2241 petition.

19.    Whether construed under § 2241 or § 2254, it makes little difference with respect to the issue of exhaustion since a Petitioner must exhaust administrative and state remedies before bringing a § 2241 or a § 2254 petition.  <u>Montez</u>, 208 F.3d at 866; <u>Hamm v. Saffle</u>, 300 F.3d 1213, 1216 (10th Cir. 2002).

---

[4]Respondent noted that Muñiz's petition was at least his tenth filing in that Court and that he had filed numerous, "at least eleven," federal habeas corpus claims.  [Doc. 9, Ex. K, p. 2.]

20.     A federal court may consider a petition for writ of habeas corpus only after the petitioner first presents his claims to a state court and exhausts his state remedies, unless "there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).   The exhaustion requirement is satisfied if the federal issue was properly presented to the highest state court, either by direct review of the conviction or in a post-conviction attack.  Dever v. Kan. State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994).  The Tenth Circuit also has held that a state prisoner does not fully exhaust state remedies without timely seeking certiorari review with the state supreme court. Barnett v. LeMaster, 167 F.3d 1321, 1323 (10th Cir. 1999) (*citing* Dulin v. Cook, 957 F.2d 758, 759 (10th Cir. 1992)); Watson v. State of New Mexico, 45 F.3d 385, 387 (10th Cir. 1995).

21.     Here, Respondent agrees that Muñiz exhausted his state court remedies and that he has no available state court process and remedy to seek further review of the claims raised in the petition.[5]  [Doc. 9, ¶ 5.]  Thus, the claims are exhausted.

## Adjudication on the Merits

22.     Before reaching Muñiz's habeas claims, the Court observes that the State Court's Order [Doc. 9, Ex. H] denying Muñiz's state habeas petition was a decision on the merits.  Even if the State Court's Order is considered a summary dismissal of Muñiz's petition, there is authority for the proposition that a court's summary dismissal of a habeas petition constitutes an adjudication on the merits.  Aycox v. Lytle, 196 F.3d 1174, 1177-78 (10th Cir. 1999) (affording deference under the

---

[5]Although Respondent argues that Muñiz raises one claim rather than two in his habeas petition, it is of little significance since Muñiz raised both claims in his underlying state habeas petition and petition for writ of certiorari.  Thus, the claims are both exhausted, and it is clear that the State Courts reviewed both claims. Moreover, Respondent's Answer  might be construed to mean that Respondent considered both claims as parts of a single claim.  [Doc. 9.]

AEDPA, to state court's rejection of claim's merit, despite lack of any reasoning); <u>Weeks v. Angelone</u>, 176 F.3d 249, 259 (4th Cir. 1999), *aff'd*, 528 U.S. 225, 120 S.Ct. 727 (2000); <u>Swann v. Taylor</u>, 173 F.3d 425 (Table, Text in Westlaw), 1999 WL 92435 at *11 (4th Cir.), *cert. denied*, 526 U.S. 1106, 119 S.Ct. 1591 (1999).  *See also* <u>Wright v. Angelone</u>, 151 F.3d 151, 157 (4th Cir. 1998) (refusing to presume that a summary order indicated a cursory or haphazard review of a petitioner's claims).  From every indication, the State Court denied Muñiz's petition based on substantive, rather than procedural, grounds.  *See* <u>Turner v. Tafoya</u>, 123 F. App'x 889, 891-92 (10th Cir. Feb. 14, 2005) (concluding that a summary decision by the state court was an adjudication on the merits unless there was a suggestion that the order was based on procedural, not substantive, grounds), *cert. denied*, 546 U.S. 842 (2005).  Thus, the State Court's Order was a decision on the merits for purposes of this review.

### Deference to State Court Adjudications

23.    A federal court is precluded from granting habeas relief on any claim adjudicated on the merits by the state courts, unless the proceeding resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d);[6] <u>Smallwood v. Gibson</u>, 191 F.3d 1257, 1264-65 (10th Cir. 1999), *cert. denied*, 531 U.S. 833, 121 S.Ct. 88 (2000).

24.    Section 2254(d) was amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which "increase[d] the deference to be paid by the federal courts to the state

---

[6]In reviewing petitions brought under § 2241, the Court applies the standards set forth under 28 U.S.C. § 2254(d) to the pertinent state court decision.  <u>Aquiar v. Tafoya</u>, 95 F. App'x 931, 932-33 n. 2, 2004 WL 848417 (10th Cir. Apr. 21, 2004).

court's factual findings and legal determinations." <u>Houchin v. Zavaras</u>, 107 F.3d 1465, 1470 (10th

Cir. 1997).  The Tenth Circuit Court of Appeals explained:

> Under § 2254(d)(1), a federal court may grant a writ of habeas corpus only if the
> state court reached a conclusion opposite to that reached by the Supreme Court on
> a question of law, decided the case differently than the Supreme Court has decided
> a case with a materially indistinguishable set of facts, or unreasonably applied the
> governing legal principle to the facts of the petitioner's case.  'Under § 2254(d)(1)'s
> unreasonable application clause . . ., a federal habeas court may not issue the writ
> simply because that court concludes in its independent judgment that the relevant
> state-court decision applied clearly established federal law erroneously or
> incorrectly.  Rather, the application must also be unreasonable.'  'In sum, §
> 2254(d)(1) places a new constraint on the power of a federal habeas court to grant
> a state prisoner's application for a writ of habeas corpus with respect to claims
> adjudicated on the merits in state court.'  AEDPA also requires federal courts to
> presume state court factual findings are correct, and places the burden on the
> petitioner to rebut that presumption by clear and convincing evidence.

<u>Sallahdin v. Gibson</u>, 275 F.3d 1211, 1221-22 (10th Cir. 2002) (*relying on* 28 U.S.C. § 2254(e)(1)).

## <u>Claim I – Double Jeopardy</u>

25.    Muñiz's double jeopardy claim is premised on the position that he is being or has

been required to serve the three-year sentence in 00-1077 that the State Court suspended.  [Doc. 11,

pp. 1-2.]  "[H]e was made to serve the wrong sentence."  [<u>Id.</u>, p. 1.]  Muñiz claims that the NMCD

"informed Petitioner was serving the three (3) years as to cause No. CR 00-1077, and all good-time

credits were deducted against cause No. CR 00-1077 (the suspended sentence)."  [<u>Id.</u>, at pp. 2-3.]

"[D]ue to the Corrections Department's error, Petitioner has already served the three (3) year

suspended sentence, cause No. CR 00-1077, in prison."  [<u>Id.</u>, at p. 5.]  "Even, though the Second

Judicial District Court ordered the three (3) years as to cause No. CR 00-1077, to be served on

probation, execution of that order, would now violate the Fifth Amendment double jeopardy clause

. . . ."  [<u>Id.</u>]

8

26.     Muñiz is mistaken or misunderstands what occurred in his sentencing and the execution of his sentencing.  An apparent basis for the misunderstanding is that the NMCD mistakenly showed on its quarterly good time report that good time credits were being awarded under CR 00-1077, the suspended sentence, rather than under CR 00-1255.  In the earlier federal habeas petition that was dismissed without prejudice for failure to exhaust, there was evidence supplied by the deputy warden that a case manager had "inadvertently [written] the suspended cause number on the top of good time award documents instead of the valid one [CR 00-1255]," but that "good time credit ha[d] been applied to the correct cause number since the beginning date [of] incarceration."  [Doc. 9, Ex. E, p. 4.]  Further affidavit testimony from Respondent in the earlier federal habeas proceeding clarified that a correction was made and that the "inadvertent use of the cause number of the suspended sentence did not change the good time awarded to Mr. Muñiz, nor does it impact his release date."  [Doc. 9, Ex. E, p. 5.]

27.     Notwithstanding Respondent's explanation of the administrative error and the subsequent correction, Muñiz continues to argue that he will be made to serve a longer sentence as a result of the mistake.  He alleges that good time credits "can only be awarded, as to sentence being served," but that they were being awarded from the suspended sentence.  [Doc. 1.]  Thus, he infers that since good time credits can "only" be awarded as to the sentence being served, he must have been serving the three years that were suspended.  "Because applicant has already served the three (3) years as to cause No. CR 00-1077, as imprisonment, it would constitute double jeopardy, to have him serve the same three (3) years as to cause No. CR 00-1077, on probation as ordered by the Court."  [Doc. 1, p. 4.]  The mere fact that NMCD incorrectly wrote in the wrong conviction number on the good time paperwork (and later corrected it), does not establish that Muñiz was made to serve

the three-year sentence that was suspended.  NMCD has consistently indicated in the pleadings that Muñiz was serving an actual sentence of ten and one-half years based on the conviction and enhancements in CR 00-1255.

28.     The Double Jeopardy Clause prohibits successive prosecutions for the same offense, and multiple punishments for a single offense.  United States v. Dixon, 509 U.S. 688, 695-96 (1993).  Here, Muñiz fails to demonstrate that his right to protection from double jeopardy was violated.  The State Court suspended the three year sentence in CR 00-1077, as noted in its Judgment [Doc. 9, Ex. A] and sentenced Muñiz to an actual term of imprisonment of ten and one-half years based on the eighteen month sentence in CR 00-1255, plus the one year firearm enhancement, plus the additional eight years for being determined an habitual offender.  Muñiz did not show that he has had to serve more than ten and one-half years in accordance with this sentence, keeping in mind that Muñiz already was serving a longer sentence in relation to another conviction.  Moreover, there is no finding that Muñiz had to serve a suspended three-year sentence as he argues.  Thus, his position that serving the three years of supervised probation in CR 00-1077 (upon his release), as was ordered by the State Court, would constitute double jeopardy, cannot succeed.

29.     In addition, the State Court considered Muñiz's double jeopardy claim and the very same arguments presented to this Court, before dismissing it.  In giving the state court the appropriate post-AEDPA deference that is required by § 2254 or § 2241, the Court recommends finding that the state court's adjudication of the double jeopardy claim did not result in any decision that was contrary to or involved an unreasonable application of clearly established federal law.  Similarly, the Court finds that the state decision was not based on any unreasonable determination

of the facts in light of the pertinent evidence discussed by the parties and state court.  Thus, the

double jeopardy claim should be dismissed.

**Claim II – Good-Time Credits**

30.     Muñiz argues that NMCD officials incorrectly recalculated his good time credits and

are not allowing him an alleged proper deduction of 30 days per month.  Instead, according to

Muñiz, NMCD is erroneously and unlawfully granting him only four days of good time per month.

[Doc. 1, p. 4.]

31.     As best as the Court understands Muñiz's argument, he agrees he is entitled to a

maximum of four days per month of time served for the commission of a serious violent offense in

accordance with NMSA § 33-2-34(A)(1), and that the State Court found his conviction for an

aggravated assault was a serious violent offense.  However, in Muñiz's view, that part of the

conviction received a sentence of eighteen months.  Thus, he contends that he is restricted to a four

day meritorious deduction only with respect to the eighteen-month sentence.  He then separates out

the enhancements of the additional one year based on the firearm conviction and the eight years for

having been determined a habitual offender, even though these enhancements applied to the same

conviction for aggravated assault, CR 00-1255.  Accordingly, Muñiz contends that with respect to

this nine years of incarceration (beyond the eighteen month sentence), he should be earning the

maximum of 30 days per month of time served because the State Court did not find that those

aspects of his conviction in CR 00-1255 were "serious violent offenses."

32.     The Court disagrees.  Indeed, in Vallejos v. Marquez, the New Mexico Supreme

Court examined a similar argument.  Vallejos, 143 N.M. 357, 176 P.3d 1089 (2007).  The sole

question before the Court in Vallejos was how the Earned Meritorious Deductions Act (NMSA §§

11

33-2-34 to 37) should be applied when a sentence was enhanced under the Habitual Offender Act. Id. at 357.  The Court held that "[t]he Habitual Offender Act replaces a defendant's original sentence with a single enhanced sentence that cannot be apportioned.  Thus, the meritorious deduction rate for the underlying felony applies to the entire sentence."  Id. at 358.

33.     Clearly, under applicable law, Muñiz's original sentence of eighteen months was replaced by the enhancements under the Habitual Offender Act and the one-year enhancement for the firearm conviction.

34.     In addition, the State Court considered Muñiz's good time credit claim and the same arguments presented to this Court, before dismissing it.  In giving the state court the appropriate post-AEDPA deference that is required by § 2254 or § 2241, the Court recommends finding that the state court's adjudication of the good time credit claim did not result in any decision that was contrary to or involved an unreasonable application of clearly established federal law.  Similarly, the Court finds that the state decision was not based on any unreasonable determination of the facts in light of the pertinent evidence discussed by the parties and state court.  Thus, the good time credit claim should be dismissed.

## **Recommended Disposition**

That Frank M. Muñiz's § 2254 application for writ of habeas corpus [Doc. 1] be denied, and that this matter, in its entirety, be dismissed with prejudice.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge