**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

FRANK M. MUNIZ,

      Petitioner,

v.                                                                                                                                    No. CIV 08-494 MV/LFG

MIKE HEREDIA, Warden,

      Respondent.

**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS
AND RECOMMENDED DISPOSITION
AND DISMISSING ACTION, WITH PREJUDICE**

THIS MATTER is before the Court on the Magistrate Judge's Findings and Recommended Disposition, filed January 26, 2009 [Doc. 13], recommending denial of Petitioner Frank M. Muñiz's ("Muñiz") § 2254 petition and dismissal of the case with prejudice. On February 4, 2009, Muñiz filed objections to the proposed findings and recommended disposition [Doc. 14], and on February 10, 2009, he filed a "Supplement" (with exhibits) [Doc. 15] to the objections filed on February 4. The Court conducted a *de novo* review of those portions of the Magistrate Judge's findings and recommended disposition to which Muñiz objects.

Muñiz's objections [Doc. Nos. 14 and 15] essentially re-argue the same positions he asserted in his earlier pleadings, all of which the Magistrate Judge carefully considered and rejected in the proposed findings and recommended disposition. For example, Muñiz again argues that a caseworker or several caseworkers for New Mexico Correctional Department ("NMCD") incorrectly

wrote in the number of Muñiz's suspended sentence (CR 00-1077) on the good time calculation form, rather than the number of the sentence Muñiz was actually serving (CR 00-1255). Thus, Muñiz contends that the deductions for "good time" were mistakenly calculated against a suspended sentence, with the end result that he has been subjected to a longer sentence. Because of the erroneous cause number placed on some of his good time calculation forms, Muñiz claims he already served the three-year suspended sentence, instead of the 18-month sentence (CR 00-1255), which he was required to serve. Moreover, he repeats that he will have to serve "the same three years on probation" upon release which subjects him to double jeopardy. [Doc. 14, p. 3.]

Muñiz again argues that while NMCD corrected the good time calculation form by entering the appropriate cause number, "the fact remains" that he already served the three-year suspended sentence. Muñiz fails to demonstrate that the placement of the wrong cause number on his good time calculation sheets for a limited period of time actually means he served a suspended three-year sentence, or, in other words, the wrong sentence. Further, Muñiz does not explain how the nine-years enhanced sentence or the nineteen-year sentence he was already serving before being convicted in CR 00-1255 impact his incarceration period or release date. In other words, he has provided no evidence to show that he will be required to serve more than 10½ years in relation to CR 00-1255.

Moreover, Muñiz raised the same arguments before the state courts which rejected his claim. He fails to demonstrate in either set of objections and exhibits that the state court's adjudication of the double jeopardy claim resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law. Similarly, there is no showing that the state decision

was based on an unreasonable determination of the facts in light of the pertinent evidence presented by the parties.

The same is true for Muñiz's second claim that NMCD incorrectly recalculated his good time credits and did not allow him an alleged proper deduction of 30 days for each month of time served with respect to the nine-year enhanced portion of his sentence. He re-argues the same positions already presented to and considered by the Magistrate Judge and the state courts.

In addition, Muñiz misunderstand the holding in <u>Vallejos v. Marquez</u>, 143 N.M. 357, 176 P.3d 1089 (2007). Muñiz concedes that his 18-month sentence related to the commission of a serious violent crime is restricted to a four-day meritorious deduction, but argues that the enhanced portion of his sentence (nine years for the firearm conviction and habitual offender status) is eligible for the 30-day meritorious deduction. The New Mexico Supreme Court in <u>Vallejos</u> settled the question as was noted by the Magistrate Judge.

In <u>Vallejos</u>, the defendant was convicted of two counts of aggravated battery with a deadly weapon. His sentence was enhanced by four years for a prior conviction. The district court apportioned the defendant's sentence between a "basic portion and an enhanced portion" and treated the enhanced portion as a nonviolent offense entitling the defendant to 30-days of meritorious deductions per month. <u>Id.</u> at 357-58. This is exactly what Muñiz seeks – an apportionment of his basic sentence for the violent offense and the enhancement for his habitual offender status.

In <u>Vallejos</u>, the State argued that the defendant's sentence should be treated as a single sentence for a serious violent offense, entitling him to, at most, four days of meritorious deductions per month. <u>Id.</u> The Court explained that "the Habitual Offender Act supplants the basic sentence, "because once the defendant is found to be an habitual offender, the basic sentence is no longer

authorized and the only sentence allowed is the sentence for an habitual offender." This means there is no apportionment of the alleged "two" sentences. The Court reasoned, in part, that the "repetition of criminal conduct . . . justifies heavier penalties when they are again convicted." Id. at 358.

The Court, in Vallejos, held that the single enhanced sentence replaced the original sentence which could not be apportioned. Thus, the meritorious deduction rate for the underlying felony applied to the entire sentence, including the enhancement. The Court remanded the case to "allow a maximum of four days per month of meritorious deductions." Id.

The same reasoning applies here. Muñiz is not entitled to apportionment of the 18-month sentence and the nine-year enhancement. They are considered a single enhanced sentence of 10½ years subject to a maximum of four days per month of meritorious deductions.

As stated previously, the Magistrate Judge considered these very same arguments raised again by Muñiz in his two sets of objections and rejected them. The Court overrules his objections.

The Court agrees with the Magistrate Judge's proposed findings and recommendation that Muñiz's § 2254 petition be denied and that this case be dismissed with prejudice.

IT IS HEREBY ORDERED that the findings and recommended disposition of the United States Magistrate Judge are adopted by the Court.

IT IS FURTHER ORDERED that Petitioner Frank Muñiz's § 2254 is denied and that the action be, and hereby is, dismissed with prejudice.

_____
UNITED STATES DISTRICT COURT